JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JEANINE BASQUIAT HERIVEAUX and LISANE
BASQUIAT, as Administrators of the Estate of
Jean-Michel Basquiat, Deceased,

                    Plaintiffs,

   -against-

CHRISTIE'S, INC.,

                    Defendant.

-----------------------------------------------------------------X

14 CV 1446

(ECF Case)

COMPLAINT

Jury Trial Demanded



Plaintiffs Jeanine Basquiat Heriveaux and Lisane Basquiat, by their attorneys Cinque & Cinque, P. C., for their complaint against defendant Christie's, Inc. allege:

## JURISDICTION AND PARTIES

1. Plaintiffs Jeanine Basquiat Heriveaux and Lisane Basquiat are the Administrators of the Estate of their brother, Jean-Michel Basquiat, Deceased (the "Estate"), duly appointed as such by the Surrogate's Court, New York County. The Estate is the owner of a number of the Artist's works and of the copyrights in all works of art created by Jean-Michel Basquiat (the "Artist"). The Estate is also the owner of a registered "Basquiat" United States trademark for paintings, posters and art prints. The Estate is charged with a duty of preserving the Artist's legacy. In this regard the Estate formed an Authentication Committee to opine upon the authenticity of works attributed to the Artist.

2. Defendant Christie's, Inc. ("Christie's") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. Christie's is an auctioneer licensed to do business in the State of New York and is engaged in the business of brokering and selling articles of personal property at public auction. As compensation for its services Christie's shares in the proceeds received by the seller or consignor and in addition receives a percentage of the purchase price paid by the buyer.

3. The Court has original subject matter jurisdiction over the first and second claims for relief pursuant to 15 U.S.C. §1121(a), and pendant jurisdiction over the third and fourth claims for relief.

## BACKGROUND OF ACTION

4. The Artist is a well-known contemporary artist, who passed away on August 12, 1988. Many of the Artist's works have been the subject of considerable critical acclaim and have achieved great commercial success. For example, a work by the Artist entitled "Dustheads" sold at Christie's on May 15, 2013 for $48,843,750.00.

5. In or about mid-February 2014, Christie's published a glossy 148 page catalog entitled "Jean-Michel Basquiat: Works From The Collection of Alexis Adler" (the "Catalog") to publicize its March 2014 sales of approximately 50 items purportedly created by the Artist (the "Catalog Items"). Physical copies of the Catalog were widely distributed in interstate commerce and the Catalog was made available for public review

on the internet. Christie's plans an open auction of some of the Catalog Items on March 6, 2014 and an online auction for March 3-17, 2014. Christie's claims that the Catalog Items come from the collection of Alexis Adler, who purports to have shared an apartment with the Artist for a number of months between 1979 and 1980. Ms. Adler claims that the Artist left the Catalog Items in the apartment when he moved out.

6. In or about March of 2007 Ms. Adler submitted 7 of the Catalog Items to the Authentication Committee of the Estate of Jean-Michel Basquiat, 6 of which were authenticated. The remainder of the Catalog Items were not only not authenticated by the Authentication Committee or the Estate, but also were never submitted to them for review.

7. Christie's has in the past prior to its auction of works purportedly created by the Artist sought the opinion of the Estate as to their authenticity. Such a submission is a customary step in an auction house's due diligence investigation into a work's authenticity before offering the works for sale.

8. The first time the Estate received notice of the existence of the Catalog was approximately February 11, 2014, when the Estate was asked for permission to reproduce some of the Artist's works in the Catalog. The Estate denied Christie's request and has not agreed to lend its name to the Catalog.

9. Christie's never submitted any of the Catalog Items to the Estate for review.

10. Upon information and belief, Christie's (which purports to have expertise in

3

contemporary art) never submitted any of the Catalog Items to the Estate for review because it knows or has reason to believe that many of the Catalog Items are of questionable authenticity due to the facts that: (a) an average person could see that the printing on the Catalog Items was done by a number of different individuals; and (b) a casual observer of contemporary art would believe that the printing on many of the Catalog Items is clearly not that of the Artist. If the Items in the Catalog are not authentic they are virtually worthless.

11. In an attempt to legitimize the Catalog Items for sale and to mislead the public into believing that the Estate approved or endorsed the sale, Christie's included the following notice on the last page of the Catalog:

> All artwork by Jean-Michel Basquiat: © 2014 the Estate of
> Jean-Michel Basquiat/ADAGP, Paris/ARS, New York.

This notice is false, as the Estate denied Christie's request for permission to reproduce any of the Artist's works in the Catalog. In addition, the notice is false because it implies that the Estate copyrighted all of the artwork in the Catalog and that therefore all of the artwork is authentic. The Estate has not and will not claim ownership of the copyright in all of the artwork in the Catalog since much of it is of questionable authenticity. By its notice on the last page of the Catalog Christie's seeks to create the false impression that all of the artwork in the Catalog, and by extension all of the other Catalog Items, was in fact created by the Artist and that the Estate authorized or approved their reproduction in

4

the Catalog. This notice has actually deceived or has the potential to deceive or confuse a significant number of recipients and viewers of the Catalog into believing that the Estate has sanctioned Christie's sale.

12. A notice such as the one on the last page of the Catalog effectively functions as an indicator that the Estate has agreed that all of the artwork in the Catalog is authentic and has endorsed the sale of the Catalog Items.

13. By including a copyright notice in the Estate's name after it was denied this permission, Christie's attempts to deceive and mislead the public into believing that the Estate authorized the reproduction of the artwork in the Catalog and that therefore the Catalog Items are authentic.

14. Upon information and belief, Christie's included the misleading notice to increase the auction prices of the Catalog Items and to maximize Christie's income from their sales. The deceptive notice is material in that it is likely to induce potential bidders to bid on the Catalog Items.

15. Christie's bad faith and actual malice in including this deceptive notice is exacerbated by the facts that the Estate denied Christie's request to reproduce any of the Artist's artworks in the Catalog and never granted any authorization to use the Estate's name in connection with the auction.

16. Christie's sale of the Items in the Catalog which the Estate did not authenticate will damage the Estate as it will put into the marketplace items of questionable

authenticity which will decrease the value of works actually created by the Artist, a number of which are owned by the Estate. and also damage the Artist's legacy and the Estate's goodwill.

## FIRST CLAIM FOR RELIEF

### (False Endorsement)

17. Christie's notice on page 149 of its Catalog constitutes a false endorsement and is violative of 15 U.S.C. §1125(a)(i)(A).

18. By reason of the foregoing, plaintiffs are entitled to recover treble damages pursuant to 15 U.S.C. §1117(a).

19. This case is "exceptional" for purposes of 15 U.S.C. §1117(a), entitling plaintiffs to recover reasonable attorneys' fees.

20. Plaintiffs are entitled to injunctive relief restraining Christie's from using the Estate's name in any credits without its prior written consent, pursuant to 15 U.S.C. §1116(a).

## SECOND CLAIM FOR RELIEF

### (False Advertising)

21. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "16."

22. Christie's notice on page 149 of its Catalog constitutes a false advertisement and is violative of 15 U.S.C. §1125(a)(i)(B).

6

23. By reason of the foregoing, plaintiffs are entitled to recover treble damages pursuant to 15 U.S.C. §1117(a).

24. This case is "exceptional" for purposes of 15 U.S.C. §1117(a), entitling plaintiffs to recover reasonable attorneys' fees.

25. Plaintiffs are entitled to injunctive relief restraining Christie's from using the Estate's name in any credits without its prior written consent, pursuant to 15 U.S.C. §1116(a).

### THIRD CLAIM FOR RELIEF

### (Violation of GBL §349 et seq.)

26. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "16."

27. Christie's notice on page 149 of its Catalog affects the public interest in New York, the locale of the auction, and constitutes deceptive trade practices and false advertising in violation of New York General Business Law §349 et seq.

28. By reason of the foregoing, plaintiffs have sustained damages in the minimum sum of $1 million.

29. Plaintiffs are entitled to injunctive relief pursuant to GBL §349(h), restraining the unauthorized use of the Estate's name in any of Christie's catalogs or advertisements.

30. Plaintiffs are entitled to an award of reasonable attorneys' fees pursuant to

GBL §349(h).

32. Christie's misconduct is directed to the public and is so gross, wilful and wanton as to warrant the imposition of punitive damages in the minimum sum of $1 million.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

32. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "16."

33. Christie's conduct constitutes unfair competition in violation of New York common law.

34. By reason of the foregoing plaintiff has sustained damages in the minimum sum of $1 million.

35. Unless Christie's is enjoined it will continue its wrongful use of the Estate's name.

36. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment:

(a) on the First Claim for Relief:

    (i) for treble damages pursuant to 15 U.S.C. §1117(a);

    (ii) for reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a); and

(iii) for injunctive relief pursuant to 15 U.S.C. §1116(a) enjoining and restraining defendant from utilizing the Estate's name in any credits without the Estate's prior written authorization;

(b) on the Second Claim for Relief:

(i) for treble damages pursuant to 15 U.S.C. §1117(a);

(ii) for reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a); and

(iii) for injunctive relief pursuant to 15 U.S.C. §1116(a) enjoining and restraining defendant from utilizing the Estate's name in any credits without the Estate's prior written authorization;

(c) on the Third Claim for Relief:

(i) for compensatory damages in the minimum sum of $1 million;

(ii) for injunctive relief pursuant to GBL §349(h) enjoining and restraining defendant from utilizing the Estate's name in any credits without the Estate's prior written authorization;

(iii) reasonable attorneys fees pursuant to GBL §349(h); and

(iv) punitive and exemplary damages in the minimum sum of $1 million.

(d) on the Fourth Claim for Relief:

(i) for compensatory damages in the minimum sum of $1 million; and

(ii) for injunctive relief enjoining and restraining defendant from utilizing the Estate's name in any credits without the Estate's prior written authorization;

(e) on all Claims for Relief for interest, costs and other relief the Court deems just and proper.

DATED: NEW YORK, NEW YORK
MARCH 4, 2014

                CINQUE & CINQUE, P. C.

                By: _____
                James P. Cinque (JPC-3673)
                Attorneys for Plaintiffs
                845 Third Avenue
                Suite 1400
                New York, New York 10022
                Telephone No: 212-759-5515
                Telefax No.:   212-759-7737
                E-mail:   CINQUE845@aol.com

14 CIV.
(ECF Case)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JEANINE BASQUIAT HERIVEAUX and LISANE
BASQUIAT, as Administrators of the Estate of
Jean-Michel Basquiat, Deceased,

Plaintiffs,

-against-

CHRISTIE'S, INC.,

Defendant.

------------------------------------------------------------------------X

COMPLAINT

------------------------------------------------------------------------X

 

CINQUE & CINQUE, P. C.
Attorneys for Plaintiffs
845 Third Avenue
Suite 1400
New York, New York 10022
Telephone No: 212-759-5515
Telefax No.:   212-759-7737
E-mail:      CINQUE845@aol.com